Argued January 18, reversed February 2, 1915.

## BEAVER LUMBER CO. *v.* BARKER.

(146 Pac. 88.)

**Pleading—Demurrer—Effect.**

1. A demurrer admits the allegations of the pleading attacked.

**Corporations—Purchase of Tide-lands—Trusts.**

2. Laws of 1907, page 209, Section 11, providing that purchasers of state lands shall be citizens of the United States or shall have declared their intention to become such and shall be over the age of 18 years, does not prevent a domestic corporation from purchasing state lands. Hence an officer of such a corporation, who purchased tide-lands agreeing to hold them for the company, may be declared a trustee; there being no attempt to do indirectly what could not be done directly.

[As to rights of parties to illegal contracts, see note in 67 Am. Dec. 153.]

From Columbia: JAMES A. EAKIN, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

The defendant, R. F. Barker, in this suit began an action in ejectment against the plaintiff, Beaver Lumber Company, herein, to recover possession of a small strip of tide-land fronting plaintiff's lumbering plant in Columbia County, together with damages for its detention. Plaintiff filed a cross-bill in equity, to which defendant filed a demurrer, and, from an order sustaining the demurrer, this appeal is taken.

REVERSED.

For appellant there was a brief over the names of *Mr. Charles A. Hart* and *Messrs. Carey & Kerr,* with an oral argument by *Mr. Hart.*

For respondent there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with an oral argument by *Mr. Ephraim B. Seabrook.*

MR. JUSTICE BENSON delivered the opinion of the court.

The question, then, is this: Does the complaint state sufficient facts to entitle plaintiff to equitable relief?

Defendant contends that the complaint discloses upon its face an illegal agreement whereby the defendant Barker was to commit the crime of perjury by making a false affidavit in his application to the state land board for the purchase of the tide-land in question.

The allegations of the complaint are substantially as follows: That plaintiff is a corporation organized under the laws of Oregon; that defendant began an action in ejectment against plaintiff to recover possession of a strip of tide-land in Columbia County, Oregon, which is described; that plaintiff is the owner of the abutting upland, upon which it has a lumber manufacturing plant, and was maintaining docks and wharves upon such tide-land, for the shipment of lumber products; that, during the times involved in the transactions in relation thereto, defendant was the owner of a large amount of the capital stock of the plaintiff corporation, and was its general manager, and in complete control of its affairs; that, at the time of the purchase of the tide-land referred to, defendant Barker, as manager of the plaintiff, made application, in its name and behalf, for the purchase thereof, and was in full charge of the arrangements therefor; that, pursuant to said application, the state land board advertised said land for sale to the highest bidder; and that upon such sale plaintiff offered to purchase the land for $10, which was the highest sum bid therefor, and plaintiff was entitled to purchase the same for such sum; that at that time defendant, as the manager of plaintiff's affairs, represented to

plaintiff that the statutes of Oregon prevented the issuance of conveyances to corporations, and that it would be necessary for plaintiff to assign its preference right to purchase to defendant, and that he would then secure the deed thereto in his own name and hold the title thereto in trust for the use and benefit of plaintiff; that plaintiff thereupon assigned its preference right of purchase to defendant, with the understanding that he would hold the title in trust for plaintiff and convey such title to it upon demand; that defendant secured the conveyance to himself, and plaintiff went into possession of the land and has held it ever since; that defendant now asserts ownership of the beneficial interest in himself.

1. The truth of these allegations must, of course, be taken as admitted for the purpose of this investigation.

2. All these proceedings were undertaken by the parties, in an effort to obtain the particular tract of tide-land under the provisions of the legislative enactment of 1907, relating to state lands. The act referred to provides that purchasers of such lands shall be citizens of the United States, or must have declared their intention to become such, must be over the age of 18 years, and further limits each purchaser to the acquisition of 320 acres of such land. The prescribed form of application to purchase includes an affidavit by the applicant, establishing his qualifications as indicated.

There is nothing in the act of 1907 which forbids the purchase of such lands by a corporation, unless it be the requirement that the applicant shall be a citizen of the United States, or has declared his intention to become such.

In the case of *North Noonday Min. Co.,* v. *Orient Mining Co.* (C. C.), 1 Fed. 538, Judge Sawyer says:

"The North Noonday Mining Company, plaintiff, is a corporation created and existing under the laws of California, and is therefore to be deemed. a citizen within the meaning of the statute, and as such is competent to purchase and hold mining claims."

This view has been affirmed by several courts, including the Supreme Court of the United States: *McKinley* v. *Wheeler,* 130 U. S. 630 (32 L. Ed. 1048, 9 Sup. Ct. Rep. 638); *Golden Fleece* v. *Cable Con. Co.,* 12 Nev. 312.

It will be observed that the qualifications of a purchaser of state lands, under the act of 1907, and of purchasers of mineral lands, under the federal statute, are substantially the same, so the cases cited above are in point, and being, as we believe, in accordance with reason and justice, we are satisfied that a corporation organized and existing under the laws of Oregon is a citizen of the United States to the extent that it may be a qualified purchaser of state lands.

Therefore, since plaintiff was a qualified purchaser at the time it filed its application for the land in controversy, its action in consenting to the suggestions of its agent, Barker, did not involve the doing, by indirection, of an unlawful act, nor did it necessarily involve the making of a false affivadit by Barker.

The cross-bill therefore states facts sufficient to constitute a cause of suit, and the judgment of the lower court is reversed and the cause remanded, with directions to overrule the demurrer.

REVERSED WITH DIRECTIONS.

Mr. Chief Justice Moore, Mr. Justice Burnett and Mr. Justice McBride concur.